IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

DELGADO-HERNANDEZ,

    **Plaintiff**

    v.

UNITED STATES OF AMERICA,

    **Defendant.**

**CIVIL. NO.** 11-1461(JAG)
**REL. CRIM. NO.** 01-750 (JAG)

**OPINION AND ORDER**

Garcia-Gregory, D.J.

Before the Court are Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.2), as well as the Government's Response (D.E. 16). For the reasons discussed below, Petitioner's Motion is hereby **DENIED**.

**BACKGROUND**

On September 28, 2003, Petitioner Ehrick F. Delgado-Hernández (hereinafter "Petitioner" or "Delgado-Hernández") was sentenced to a term of imprisonment of eighty-four (84) months as to Count One of the Superseding Indictment. Count One charged Petitioner with conspiracy to distribute, and to possess with intent to distribute, cocaine and heroin in violation of Title

CIVIL. NO. 11-1461(JAG)                                                    2

21, United States Code, Section 846.  He was further sentenced
to a term of imprisonment of sixty (60) months as to Count Two
of the Superseding Indictment, which charged Petitioner with
possession of a firearm in furtherance of a drug-trafficking
offense in violation of Title 18, United States Code, Section
924(c)(1)(A). As required by law, these terms are to be served
consecutively with each other for a total term of imprisonment
of one hundred and forty-four (144) months. Petitioner was
further ordered to forfeit to the United States the amount of
$111,000.00 in U.S. currency. (Crim. D. E. 481). The Court also
imposed a term of Supervised Release of four (4) years as to
each count to be served concurrently with each other, and a
Special Monetary Assessment of two hundred (200) dollars. (Id.).
On July 29, 2003, Judgment was entered. (Id.). On September 4,
2003, Petitioner filed a Notice of Appeal. (Crim. D.E. 483).  On
January 29, 2004, Petitioner's Amended Judgment was entered.
(Crim. D.E. 588).  On August 25, 2005, the First Circuit Court
of Appeals issued its Judgment affirming Petitioner's
conviction. See United States v. Delgado-Hernández, 420 F.3d 16
(1st Cir. 2005).  No petition for writ of certiorari was filed;
therefore, Delgado-Hernández's conviction became final on
November 23, 2005.

**CIVIL. NO.** 11-1461(JAG)                                                    3

On September 22, 2006, Petitioner, through counsel, filed a Motion to Vacate or Amend Sentence Pursuant to 28 United States Code, Section 2255. (Crim. D.E. 678). After the Government responded to the Petition, the Court denied the same. (D.E. 13 in Civil No. 06-1952 (JAG)).  On May, 23, 2008, Petitioner filed a Notice of Appeal of the denial of the Section 2255 request for relief. (D.E. 15 in Civil No. 06-1952(JAG)).  On July 23, 2008, Petitioner, through his counsel, filed a Motion requesting a Certificate of Appealability (D.E. 18 in Civil No. 06-1952(JAG)).  On July 29, 2008, the Court granted the certificate. (D.E. 20 in Civil No. 06-1952(JAG)).  On August 20, 2009, the First Circuit Court of Appeals summarily affirmed the district court's denial of the 2255 request for relief. (Appeal No. 08-1783, 1st Cir., August 20, 2009).

On May 18, 2011, Petitioner filed a motion titled "Habeas Corpus Under 28 U.S.C. Section 2241." (D.E. 2 in Civil No. 11-1461(JAG)).  On February 13, 2012, the Court concluded that Petitioner's new motion was in fact a motion under 28 U.S.C. Section 2255 and the criminal proceedings on which it was based was Crim. No. 01-750(JAG). Therefore, the Court ordered the Section 2241 Petition be re-classified as a Section 2255 (D.E. 9 in Civil No. 11-161 (JAG).

**CIVIL. NO.** 11-1461(JAG)                                                   4

As we find below, the present petition is a second successive motion under section 2255 for which Petitioner has neither sought nor obtained proper authorization for its filing. Accordingly, the Court finds that Petitioner's Section 2255 Petition shall be dismissed with prejudice.

**DISCUSSION**

Re-characterization as 2255 Petition

Perhaps in an attempt to circumvent the one-year statute of limitation established for Section 2255, Petitioner filed the present motion as a section 2241 request for habeas corpus. This portrayal is not convincing.

District courts have the authority and the prerogative to reclassify improperly filed motions. The reclassification of motions in order for them to be properly filed as Section 2255 petitions is a matter already settled by the First Circuit Court of Appeals. The Circuit Court has made it clear that it is essential for courts to plot, and then patrol, the boundaries between section 2255 and the universe of writs. Otherwise, artful pleaders will tiptoe around those boundaries and frustrate Congress's discernible intent. Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008). In carrying out this duty, courts must be guided by the principle that substance

CIVIL. NO. 11-1461(JAG)                                          5

trumps form.  "Thus, any motion filed in the district court that imposed the sentence, and substantively within the scope of Section 2255, is a motion under Section 2255, no matter what title the prisoner plasters on the cover." Id. at 97, citing Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

Following this approach, courts regularly re-characterize imaginatively captioned petitions to reflect that they derive their essence from Section 2255 and thus, must satisfy the section's gatekeeping provisions. See United States v. Winestock, 340 F.3d 200 at 206-208 (4th Cir. 2003) (re-characterizing a petitioner's self-styled Rule 60(b) motion).

An analysis of the substance of Delgado-Hernandez's Petition leaves no doubt that regardless of its label, the Petition falls clearly within the bounds of section 2255, and not section 2241. Federal habeas relief pursuant to Section 2241 is available only when the petition attacks the execution, rather than the validity of the sentence. See United States v. Barrett, 178 F.3d 34 (1st Cir. 1999) It is a valid avenue of relief if petitioner is challenging matters such as, inter alia, the computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers or types of detention and prison conditions.

CIVIL. NO. 11-1461(JAG)                                      6

None of these challenges are present in petitioner's motion. Rather, petitioner attacks various issues relating to the sufficiency of the evidence, the drug quantity, as well as the sentence imposed by the Court and the validity of the same. These are challenges to the legality and imposition of the sentence and as such, the proper venue is a Section 2255 request for relief. Petitioner's motion is properly a Section 2255 petition. So construed, the Court finds that the same is untimely.

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) went into effect on April 24, 1996. AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal habeas relief. Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date. Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).

Petitioner's Judgment from the First Circuit Court of Appeals was entered August 25, 2005, which means that he had until November 23, 2005, to file a writ for certiorari before the Supreme Court. Since no writ was filed Petitioner's conviction became final on November 23, 2005, and the one (1) year statute of limitation began to accrue. Therefore,

CIVIL. NO. 11-1461(JAG)                                              7

petitioner had until November 23, 2006, to timely file his section 2255 petition.  However, Delgado-Hernandez did not file this current 2255 petition until May 18, 2011; over four (4) years after the one (1) year statute of limitations had expired. Hence, the same is time barred.

Successive filings

    In the alternative, petitioner's motion is denied because it is a unauthorized successive section 2255 motion. The AEDPA requires a federal prisoner, before proceeding with a second or successive habeas petition in the district court, to obtain from "the appropriate court of appeals...an order authorizing the district court to consider the application." See Rainer v. United States, 233 F.3d 96, 99 (1st Cir. 2000). Petitioner did not seek, nor did he obtain the required authorization from the First Circuit Court of Appeals; therefore, this Court lacks jurisdiction over his motion and the same cannot be entertained. See Muñoz v. United States, 331 F.3d 151 (1st Cir. 2003).

Savings Clause

    Without subject matter jurisdiction for a section 2255 habeas petition, the only way which Delgado-Hernandez may bring his claim before this Court is through the savings clause of section 2255, which allows a habeas petition to be brought in

CIVIL. NO. 11-1461(JAG)                                          8

the custodial court if the remedy provided for under Section
2255 "was inadequate or ineffective to test the legality of
detention." 28, United States Code, Section 2255(e).   In the
First Circuit, the provision of inadequate or ineffective test
cannot be invoked to permit a petition to go forward under
Section 2241 in order to avoid Section 2255's bar on second or
successive petitions. United States v. Barrett, 178 F.3d 34 at
50 (1st Cir. 1999).   Section 2255's saving clause is not
satisfied merely because petitioner's prior Section 2255 motion
was unsuccessful. Gonzalez v. United States, 150 F.Supp.2d 236
(D. Mass. 2001).   Such a result would make Congress's AEDPA
amendment of Section 2255 a meaningless gesture.   See Triestman
v. United States, 124 F.3d 361 (2nd Cir. 1997).   The burden of
such a showing falls on Petitioner. Delgado-Hernández has not
raised this argument and much less attempted to make such a
showing.

        There is no doubt that Delgado-Hernandez's motion is in
fact a 2255 Petition for relief. The challenges raised in his
motion are all challenges to the legality of his conviction and
sentence. The Court notes that the argument raised by Petitioner
as to an alleged Court error at sentencing was the same exact
argument raised by Petitioner in his original Section 2255

**CIVIL. NO.** 11-1461(JAG)                                                     9

denied by this Court. There is no way around it: Petitioner
cannot circumvent the system by using a back door.

<strong>CONCLUSION</strong>

For the reasons stated, the Court concludes that Petitioner
is not entitled to request for federal habeas relief on the
claim presented. Accordingly, the Court **DENIES** the present
Section 2255 Petition. It is further ordered that **no certificate
of appealability should be issued** in the event that Petitioner
files a notice of appeal, because there is no substantial
showing of the denial of a constitutional right within the
meaning of 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of May, 2012.

S/ Jay A. Garcia-Gregory<br>
JAY A. GARCIA-GREGORY<br>
United States District Judge